**E. L. WILSON HARDWARE CO. v. AMERICAN INDEMNITY CO. et al. (No. 1724.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 25, 1928.

Rehearing Denied Nov. 7, 1928.

A. Ludlow Calhoun and D. C. Marcus, both of Beaumont, for appellant.

Jas. A. Harrison, of Beaumont, for appellees.

WALKER, J. This suit was brought in the county court by appellant, E. L. Wilson Hardware Company, against W. S. Parker, American Indemnity Company, and the legal representatives of J. T. Bond, deceased. Appellant alleged that Bond contracted with the Citizens' National Bank of Sour Lake, Hardin county, Tex., to build for it a bank building; and, to secure the bank in the performance of his contractual duties, Bond as principal and American Indemnity Company as surety executed the following bond:

"State of Texas, County of Harris.

"Know all men by these presents: That we, J. T. Bond, of the City of Beaumont, Texas, as principal, and the American Indemnity Company of Galveston, as sureties, are held and firmly bound unto the Citizens' National Bank, Sour Lake, Texas, as well as to all persons, firms and corporations who may furnish material for or perform labor on the work, building and improvement contemplated in a certain contract hereinafter mentioned, in the sum of Twenty Three Thousand, Nine Hundred Ninety Four & No/100 ($23,994.00) Dollars, lawful money of the United States of America, well and truly to be paid to the said Citizens' National Bank, Sour Lake, Texas, and to such persons, firms and corporations, who may furnish material for or perform labor on the work, building or improvement contemplated in a certain contract hereinafter mentioned, their executors, heirs and administrators, jointly and severally, and for which payment, we, the principal and sureties herein, do hereby jointly and severally bind ourselves, our heirs, executors and administrators, firmly by these presents.

"The conditions of this obligation is such that if the said J. T. Bond shall well and truly keep, perform and fulfill all and every the covenants, conditions, stipulations and agreements to be kept, performed and fulfilled by him as set forth and contained in a certain contract entered into by and between the said J. T. Bond and the said Citizens' National Bank, Sour Lake, Texas, dated the Twelfth day of May, 1920, for the consideration of the work, building and improvement mentioned in said contract, and shall repay to the said Citizens' National Bank, Sour Lake, Texas, all sums of money that it may pay to other persons on account of work and labor done, or materials furnished which said J. T. Bond may fail to do or furnish in accordance with said contract, and shall pay to said Citizens' National Bank, Sour Lake, Texas, any and all damages which it may sustain as provided in said contract, and all forfeitures to which it may be entitled under the terms of said contract by reasons of mal-performance or non-performance on the part of the said J. T. Bond of any of the covenants, conditions, stipulations and agreements of said contract, on his part to be kept and performed, and if the said J. T. Bond shall promptly make payments to all persons, firms and corporations supplying him with labor and materials in the prosecution of the work provided in such contract then this obligation shall be void, otherwise to remain in full force and effect.

"That the Surety shall not be liable in any manner under this bond for or on account of the failure of the Principal to maintain or repair said structure, building or improvement after the same shall have been delivered to or accepted by said Obligee.

"This bond is made for the use and benefit of all persons, firms and corporations who may furnish any material or perform any labor for or on account of said work, building or improvement and they, and each of them are hereby made obligees hereunder, the same as though their own proper names were written herein as such, and they and each of them may sue hereon.

"Witness our signatures this —— day of May, 1920.

"J. T. Bond, Principal.
"American Indemnity Company, Surety."

It was further alleged that W. S. Parker, a subcontractor under Bond, purchased material from appellant upon which there was a balance due of $309.18, $35.70 of which was not intended for use in the bank building, and the balance was intended for use in the bank building. After the execution of the bond, the principal therein, J. T. Bond, died, and his legal representatives were made defendants. On a trial to the court without a jury, judgment was in favor of appellant against Parker for the amount claimed, but in favor of the other defendants against appellant. The following conclusions of law and fact were filed in support of the judgment:

"Findings of Fact.

"On or about the 12th day of May, 1920, J. T. Bond entered into a written contract with the Citizens' National Bank of Sour Lake to erect a bank building and to secure the performance of said contract entered into a bond in the sum of $23,994.00 payable to the Citizens' National Bank of Sour Lake and to all persons, firms and corporations who should furnish material for or perform labor on the said bank building.

"One of the conditions of said bond is: 'That the said J. T. Bond shall promptly make payments to all persons, firms and corporations supplying him with labor and materials in the prosecution of the work provided in such contract,' and all persons furnishing such material are made obligees in the bond.

"W. S. Parker, a sub-contractor under J. T. Bond, purchased from the E. L. Wilson Hardware Company, of Beaumont, Texas, material costing $309.18 which was not paid by said Parker or anyone else.

"J. T. Bond, having died, his will was probated in the County Court of Jefferson County, Texas, and his widow Mrs. Nannie Bond and his son Herbert Bond were appointed independent executors under said will and they duly qualified and are acting as such independent executors of the estate of J. T. Bond, deceased.

"The bond mentioned above was executed by

J. T. Bond as principal and American Indemnity Company as surety.

"There was no evidence that the material bought by W. S. Parker from the E. L. Wilson Hardware Company or any part thereof, to be used in construction of Bank Building went into the construction of the bank building.

### "Conclusions of Law.

"The burden of proof is on the plaintiff to establish that the material sold by it to subcontractor, W. S. Parker, was used in the construction of said bank building and not having made such proof, I conclude that, as a matter of law, Plaintiff is not entitled to recover against any of said defendants except W. S. Parker."

### Opinion.

Appellant presents only one proposition, which is as follows:

"The plaintiff having shown that it had furnished materials to a sub-contractor of the original contractor, for use on the building which the contractor was constructing, and having shown that the contractor had executed a bond, conditioned that he would pay off all claims of materialmen, laborers, etc., and having shown that the purchase price of the said materials was unpaid, and past due, it was entitled to a judgment against the contractor and the surety on his bond, as well as the sub-contractor, and it would be an erroneous rule of law which would require it to go to the extent of proving that each and every item of material furnished actually went into the building."

Under this proposition it argues that it had fully discharged the burden imposed by the bond by showing that the material sold Parker was for use in the construction of the building, and that it was not necessary for it to show that the material was, in fact, actually used in the construction of the building. There is no statement of facts in the record. Appellant says:

"We have not furnished Your Honor with a Statement of Facts, because the facts are precisely as the trial judge stated in his Findings of Fact. There is no dispute as to the facts, but merely as to the rule of law applicable to that particular state of facts."

The conclusions of fact do not raise the issue contended for by appellant under its proposition. The court did not find that the material sued for was bought by Parker for use in the bank building. The finding was only that Parker, a subcontractor under J. T. Bond, "purchased from E. L. Wilson Hardware Company, Beaumont, Texas, material costing $309.18, which was not paid by said Parker or anyone else." By no construction could it be said that this was a finding that the material was for use in the bank building. The only additional finding on this issue was:

"There was no evidence that the material bought by W. S. Parker from E. L. Wilson Hardware Company, or any part thereof, to be used in the construction of the bank building went into the construction of the bank building."

Whatever the court may have intended by this finding, there was no specific conclusion as to the amount due for material that Parker may have purchased for use in the bank building. The balance due by Parker to appellant was $309.18. Of this sum appellant admitted that $35.70 was not purchased for use in the bank building. Certainly, before its proposition could be in point, appellant rested under the burden of showing the value of the material purchased under the terms of the bond. From the court's conclusion of fact and the admission of appellant, no proof was offered on that issue. Therefore it would not be proper for us to determine, as an abstract proposition, the correctness of the trial court's conclusion of law upon which it based its judgment.

Affirmed.